UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWARD LEE HILTON,

          Plaintiff,

v.

SHANE JACKSON et al.,

          Defendants.

_____/

Case No. 1:19-cv-451

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    **I.    Factual allegations**

Plaintiff Edward Lee Hilton is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Michigan. The events about which he complains occurred at that facility and

at the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Michigan. Plaintiff sues the following MDOC employees at LRF: Warden Shane Jackson and Registered Nurse Amanda C. Fogarty.

Plaintiff alleges that he has a foot and knee condition requiring special shoes. As he apparently described it in a kite to healthcare staff, he has "permanent foot and knee damage. [His] nerve[s] grow from under [his] toenails." (7/24/2018 Kite Response, ECF No. 1-1, PageID.14.)

In March 2018, Plaintiff complained to medical staff at RGC about his "foot and knee problems," and asked them to obtain his medical records from the V.A. Hospital in Ann Arbor, Michigan. (Compl., ECF No. 1, PageID.3.) He also asked for "special need shoes" from the V.A. (*Id.*) A nurse at RGC told Plaintiff that "We don't do special shoes here, you may follow up with that at your next facility." (3/14/2018 Kite Response, ECF No. 1-1, PageID.12.)

Plaintiff transferred to LRF in April 2018. Plaintiff alleges that he "immediately" filed "medical forms and other paperwork" to have a physician evaluate his condition. (Compl., PageID.3.) An attachment to his complaint indicates that he sent a health care request in June 2018, asserting that he needs "special boots" due to a "permanent condition." (Health Care Request, ECF No. 1-1, PageID.13.)

Defendant Fogarty responded to one of Plaintiff's requests, telling him that he is "scheduled with the medical provider this week and can discuss [his] requests at that time." (7/24/2018 Kite Response, PageID.14.) In her response, Fogarty refers to Plaintiff's description of his condition as "permanent foot and knee damage" and "nerve[s] grow from under [his] toenails." (*Id.*)

Plaintiff contends that his condition is "deteriorating to the point he can barely walk" (Compl., PageID.5); however, nothing has been done to treat his condition or to alleviate his pain and suffering. He asserts that "[f]or the last ten (10) months all Plaintiff has been doing is 'discussing' his 'medical need' with the medical staff." (Compl., PageID.6.) He blames the lack of treatment on the "intransigence" of Defendant Fogarty and a policy of Warden Jackson not to cooperate with inmates who are "attempting to maintain their health in such a debilitating environment." (*Id.*, PageID.6-7.)

As relief, Plaintiff seeks a pair of "diabetic shoes and socks" until such time that the "V.A. Hospital can provide Plaintiff with shoes, boots, tennis shoes and socks[.]" (Compl., PageID.7.) He also seeks nominal damages for pain and suffering as well as reimbursement of his costs for filing the action.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that Defendants have not provided shoes or other treatment necessary to alleviate pain that he suffers from a foot and knee condition. These allegations implicate his rights under the Eighth Amendment, which prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### A. Nurse Fogarty

Plaintiff fails to state a claim against Defendant Fogarty because he does not allege facts indicating that she was deliberately indifferent to Plaintiff's medical needs. She apparently responded to one of Plaintiff's request for shoes by telling him that he was scheduled for an

5

appointment later that week. That response does not indicate indifference. Plaintiff alleges no facts indicating that she was aware of a serious need that required immediate attention. Indeed, Plaintiff does not indicate what he told the medical staff in the kite to which she responded. The health care request that he filed a few months earlier simply indicates that he needs "medical shoes or boots." (ECF No. 1-1, PageID.11.) It does not explain why they are needed or suggest that he will suffer harm without them. Fogarty's response to his request describes his concerns in similarly vague terms, referring to "foot and knee damage," "nerve[s] grow[ing] from under [Plaintiff's] toenails," and the fact that a V.A. hospital had provided him with "shoes and boots" in the past. (ECF No. 1-1, PageID.14.) None of the facts presented in these requests suggests that he faced a substantial risk of serious harm by waiting a few days to receive an assessment by a medical provider.

In short, Plaintiff has not alleged sufficient facts from which to infer that Fogarty was "aware of facts from which the inference could be drawn that a substantial risk of serious harm" existed in the absence of immediate attention to Plaintiff's request. *See Farmer*, 511 U.S. at 537. Without awareness of such a risk, it was perfectly reasonable for Fogarty to tell Plaintiff to discuss his needs at an upcoming medical appointment.

Plaintiff also contends that his continuing inability to obtain medical shoes is attributable to Fogarty, but he offers no allegations to support this assertion. In other words, this assertion is wholly conclusory; it is not "plausible" based on the facts alleged. *See Twombly*, 550 U.S. at 570. Plaintiff does not allege any conduct or decision by Fogarty after she told him to discuss his concerns at a medical appointment. Accordingly, Plaintiff fails to state a claim against Defendant Fogarty.

6

### B. Warden Jackson

Plaintiff further contends that Defendant Jackson is responsible because he authorized a "policy" of "refusal and uncooperation with inmates attempting to maintain their health[.]" (Compl., PageID.6-7.) This assertion is also conclusory. There are no allegations in the complaint supporting the existence of such a policy or Defendant's involvement in it.

Moreover, Defendant Jackson is not liable simply because he is a supervisor to other employees at LRF, including its medical staff. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to plausibly allege that Defendant Jackson engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against him.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: July 22, 2019                    /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge